UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL J. BAKALIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 16-3213 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

MERIT REVIEW ORDER

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff, proceeding pro se, and currently incarcerated in the Illinois River Correctional Center was granted leave to proceed *in forma pauperis*. The plaintiff originally filed a lawsuit in the Northern District of Illinois claiming that the defendants in that case denied him due process by wrongfully returning him to prison for a parole violation even though he had completed his sentence. The Northern District dismissed plaintiff's case on a merit review for failure to state a claim, explaining that the plaintiff was mistaken in his belief that, even though he had served the required term of imprisonment, his eight-year sentence had not expired when he was arrested after his release because his arrest, while still subject to the terms and conditions of his supervised release, nullified any expectation that he might have to a discharge of his supervised release. The plaintiff filed an appeal, but the Seventh Circuit dismissed for failure to pay the filing fee. The plaintiff has now filed this § 1983 suit claiming that the Illinois River and Western Illinois Correctional Centers violated his constitutional

rights, in that, both prisons maintained inadequate law libraries, insufficient legal resources, and insufficient library time and that these failures caused him to improperly file his suit in the Northern District rather than with the Illinois Court of Claims where he should have filed his false imprisonment suit. The plaintiff has also included unrelated claims regarding the Illinois Department of Corrections ("IDOC") taking money out of his trust fund account without his permission and a claim that the defendants are improperly withholding his mail.

As for Counts 1 and 2 of his Complaint regarding the inadequacy of prison libraries, the Northern District did not dismiss his suit because plaintiff filed it in the wrong court; it dismissed the case because it failed to state a claim. In order to state a First Amendment claim for denial of access to the courts, the plaintiff must show that he possessed a non-frivolous legal claim that was frustrated or impeded by Defendants' actions. *Lewis v. Casey*, 518 U.S. 343, 352–53 (1996). The plaintiff has not made such a showing as the Northern District dismissed for failure to state a claim. Moreover, the plaintiff is incorrect that the statute of limitations on his claim runs from the time that the Northern District entered its order in 2014. Instead, the two-year limitations period began to run in 2012 when he was allegedly incarcerated falsely. The plaintiff did not file this case until 2016, and so, it is barred by the statute of limitations, and he cannot revive it by claiming he did not first learn that he could have filed a false imprisonment case until 2015. Counts 1 and 2 of plaintiff's Complaint are dismissed.

As for Counts 3-5, it appears that the IDOC is taking money out of his account to pay for filing fees associated with his Northern District case and his Seventh Circuit appeal. Those actions do not violate his constitutional rights. The plaintiff has included a Count 6 claiming certain named defendants are withholding his mail. In any event, plaintiff's complaint appears to join unrelated claims in an attempt to avoid additional filing fees. "Unrelated claims against different defendants belong in different suits." *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Counts 3 through 6 of Plaintiff's Complaint are also dismissed.

**IT IS THEREFORE ORDERED that:**

    1.    The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

    2.    This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

    3.    The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the plaintiff shall

continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4.      If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 20th day of September, 2016.

**/s/ Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE